**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**GREENEVILLE DIVISION**

| | | |
|---|---|---|
| MARK McCOWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. |
| | ) | _____ |
| NORFOLK SOUTHERN RAILWAY | ) | |
| COMPANY, a corporation, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

### I.    PARTIES, JURISDICTION & VENUE

1.

Plaintiff Mark McCown is an individual resident of Talbott, Hamblen County, Tennessee.

2.

Defendant Norfolk Southern Railway Company is a Virginia corporation whose principal

place of business is in Atlanta, Georgia.   The Defendant may be served with this complaint and

summons through its Registered Agent in Tennessee as follows:

> Norfolk Southern Railway Company
> C/O CT Corporation System
> 300 Montvue Road
> Knoxville, TN 37919-5546

3.

The Defendant is a common carrier by railroad engaged in the business of operating a

railroad in interstate commerce for hire for the purpose of carrying freight in interstate commerce.

4.

The Defendant's interstate railroad operations extend into the State of Tennessee, and the

Defendant conducts substantial business in the State of Tennessee.

5.

The Plaintiff was an employee of the Defendant at all times referred to herein. The Plaintiff was acting within the line and scope of his employment for the Defendant at all times referred to herein. The Plaintiff's duties of employment for the Defendant were in furtherance of interstate commerce or directly or closely affected interstate commerce.

6.

The incident which is the subject of this action occurred in Bulls Gap, Hawkins County, Tennessee.

7.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 45 U.S.C. § 56. The Plaintiff's claims against the Defendant are brought under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, et seq., which governs the rights of railroad workers to recover compensation from their railroad employers for on-the-job injuries. Under the FELA, a railroad employee may bring his action in the federal district court of the district in which the cause of action arose. 45. U.S.C. § 56. The Plaintiff's cause of action arose at Bulls Gap, Hawkins County, Tennessee, which is in this judicial district.

8.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 45 U.S.C. § 56. Because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district, venue is proper under 28 U.S.C. § 1391(b)(2). Also, the FELA allows a railroad employee to pursue his claims in the federal district court of the district in which his cause of action arose. 45. U.S.C. § 56.

## II. FACTUAL ALLEGATIONS

### 9.

On March 8, 2022, the Plaintiff, Mark McCown, was employed by the Defendant, Norfolk Southern Railway Company, as the locomotive engineer on the T-53 Job. That assignment performs to switching in and around the Defendant's railroad yard in Bulls Gap, Hawkins County, Tennessee. After working for more than eleven hours, Mr. McCown complied with an instruction to bring the locomotive that he was operating to the yard office to swap out with another crew. When Mr. McCown pulled up and stopped at the signal, the other crew was standing nearby in the walkway area between the mainline and a steep embankment. Mr. McCown and his brakeman dismounted the locomotive and walked to where the other crew was waiting to have a turnover job briefing. While Mr. McCown was standing in the walkway for the job briefing, the surface where he was standing suddenly gave way beneath him and caused him to fall.

### 10.

As a result of this incident, Mr. McCown sustained serious, painful and permanent physical injuries. The bodily injuries that he sustained include, but are not limited to, damage to his back and spine, nerve damage, and complex regional pain syndrome. In addition, he has been caused to suffer mental anguish and emotional distress.

### 11.

Mr. McCown has required extensive medical care for his injuries and remains under medical care.

12.

As a result of the injuries that Mr. McCown sustained from this incident: he suffers severe and chronic pain, mental anguish and emotional distress; he has been disabled from working; he has lost the wages and fringe benefits of his employment; he has suffered a loss of his capacity to earn; he has suffered a loss of his capacity to engage in his normal activities and to enjoy life; and he has been otherwise injured and damaged.

13.

At all times referred to herein, the railroad yard where Mr. McCown was injured was owned and operated by the Defendant.

14.

At all referred to herein, the Defendant controlled the condition of the trackside walkways and working areas at its railroad yard at Bulls Gap, including the trackside walkway and work area where Mr. McCown was injured.

15.

As Mr. McCown's railroad employer, it was the Defendant's continuing and nondelegable duty under the FELA to exercise reasonable care to provide to him with a safe place to work. Among other things, this continuing duty required Norfolk Southern to provide Mr. McCown with safe and secure footing wherever he was required perform work-related duties.

### III.  FIRST CAUSE OF ACTION

16.

The Plaintiff hereby realleges and incorporates by reference the allegations of the preceding paragraphs.

17.

The Plaintiff avers that all of his injuries and losses were legally caused, in whole or in part, by the negligence of the Defendant, Norfolk Southern Railway Company, its agents, servants or employees while acting within the line and scope of their employment for said Defendant, or by reason of a defect or insufficiency due to the Defendant's negligence in its trackside walkway and work area, its design and construction of the trackside walkway and work area, its inspection and maintenance of the trackside walkway and work area, its work practices, and its safety practices at the time and place where Plaintiff sustained his injuries.

18.

The Plaintiff avers that the negligence of the Defendant includes, but is not limited to, the following specific acts of negligence:

(a)     Negligently failing to provide safe and secure footing and walking conditions on its premises;

(b)     Negligently failing to identify and correct unsafe footing and walking conditions through reasonable and proper inspection and maintenance;

(c)     Negligently causing or allowing its employees to job brief at a place that the Defendant knew, or in the exercise of reasonable care should have known, was not reasonably safe;

(d)     Negligently failing to take other proper reasonable precautions to protect its train and switching personnel from injuries like that suffered by the Plaintiff.

## IV.    SECOND CAUSE OF ACTION

### 19.

The Plaintiff hereby realleges and incorporates by reference the allegations of the preceding paragraphs.

### 20.

The Plaintiff avers that all of his injuries and damages were caused, in whole or in part, by the negligent failure of the Defendant, Norfolk Southern Railway Company, to use reasonable care to provide to him with a reasonably safe place to perform his work and labor for the Defendant.

## V.    THIRD CAUSE OF ACTION

### 21.

The Plaintiff hereby realleges and incorporates by reference the allegations of the preceding paragraphs.

### 22.

The Plaintiff avers that all of his injuries and damages were caused, in whole or in part, by the Defendant's violation of a statute, regulation, standard in force, or required by the Secretary of Transportation under Chapter 201 of Title 49, United States Code [49 U.S.C. §20101, et seq.], or by a State agency that is participating in investigative and surveillance activities under section 20105 of Title 49.   Plaintiff avers that the Defendant violated the safety standards imposed by Tennessee Comprehensive Rules and Regulations 1680-09-02-.04 and .05.   These regulations require railroads to maintain the work areas in its yards and Switching Limits in a safe condition to meet the requirements of T.C.A. § 65-3-123.

## VI.  DAMAGES

23.

The Plaintiff avers that he has suffered and seeks to recover for the following injuries and damages:

(a)     Past and future lost wages and benefits;

(b)     Permanent impairment of his ability to work and earn a living;

(c)     Past and future medical expenses;

(d)     Permanent injuries, aggravations and complications;

(e)     Past and future physical pain and mental anguish;

(f)     Permanent impairment of his ability to carry out and enjoy the usual and normal activities of life;

(g)     Loss of enjoyment of life;

(h)     Permanent physical disability; and,

(i)     Other harms and losses.

24.

As compensation for his injuries, the Plaintiff seeks compensatory damages in an amount to be determined by a fair and enlightened jury.

## JURY DEMAND

25.

Plaintiff demands a trial by jury.

s/   Ben W. Hooper III
Ben W. Hooper III
BPR #013831
335 East Main Street
Newport, Tennessee 37821
(423) 623-3082
bwh3rd@yahoo.com