UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| MARK MCCOWN,<br><br>Plaintiff,<br><br>v.<br><br>NORFOLK SOUTHERN RAILWAY COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **2:24-CV-63** |

**ORDER**

Following the final pretrial conference in this cause, the Court entered an Order [Doc. 174] that clarified prior evidentiary rulings that were raised during the hearing. Specifically, the Court reversed its prior ruling permitting Defendant to introduce Norfolk Southern General Safety and Conduct Rule ("Rule 1035") as an exhibit finding that ruling was in error based on the parties' prior stipulation that Defendant would not suggest Plaintiff violated any workplace safety rules during trial. Defendant has now filed a Motion [Doc. 175] asking the Court to reconsider that ruling to which Plaintiff responded in opposition [Doc. 177] and Defendant replied [Doc. 179].

In reaching its ruling which Defendant now asks it to reconsider, the Court reasoned that the parties' agreement not to suggest that Plaintiff violated any workplace rules required exclusion of Rule 1035 because its introduction would necessarily suggest to the jury that Plaintiff violated the rule. Defendant now asserts that the "lack of clarity in the stipulation" that resulted in the exclusion of Rule 1035 is now "an issue of fundamental fairness, creates problematic presentation at trial of key evidence for both parties, and risks reversible error." [Doc. 175, p. 1]. More

specifically, Defendant "intends to show that in fulfilling its duty to provide a reasonably safe place to work, it provides education, training, and guidance to its employees on how to work safely in the environments they will encounter…[but] [t]he Court's ruling arguably would preclude Norfolk Southern from presenting this critical and relevant evidence, presumably based largely on the stipulation." *Id.* at 2. Defendant further argues that evidence of its safety rules "bears *directly* upon the nature and extent of the safety measures the company had in place at the time of the incident" and without evidence of what those rules are will give the jury "the inaccurate and unfair impression that Norfolk Southern does not have such rules." *Id.* at 3. Additionally, Defendant asserts that the "exclusion of Safety Rule 1035 is particularly unfair given the testimony Plaintiff intends to offer that neither he nor any other employees at Bulls Gap were warned not to be in the area where Plaintiff fell." *Id.*

The Motion also reiterates Defendant's argument that "negligence per se was the context" for the parties' agreement not to suggest that Plaintiff violated any workplace rules, asserting that "[t]he concession did not extend to inadmissibility of safety rules and training, including Safety Rule 1035." *Id.* at 6. Defendant argues that "[r]egardless of the rationale for and scope of counsel's agreement, Norfolk Southern will be substantially unfairly prejudiced by exclusion of its training and safety rules." *Id.* Defendant asserts that without the introduction of its workplace safety rules, "the jury will be left with the misapprehension that Norfolk Southern has no safety rules or practices at all." *Id.* at 7. As such, Defendant contends that "it is fundamentally unfair" for Defendant to be prohibited from introducing Rule 1035. Defendant argues that Plaintiff would not be prejudiced by the Court reconsidering its ruling excluding Rule 1035 because "Rule 1035 has been a part of this case throughout discovery, including addressed by Plaintiff's opinion witnesses." *Id.* at 8.

Defendant does acknowledge that it would be fundamentally unfair to permit the introduction of Rule 1035 and prohibit Plaintiff from preventing evidence that he was not charged with a rule violation. Its proposed solution to this problem is for the Court to 1) admit Rule 1035; 2) admit evidence that Plaintiff was not charged with a safety rule violation; and 3) instruct the jury on the appropriate context for its consideration of Rule 1035.

In response, Plaintiff asserts that "[t]he stipulation that 'Norfolk Southern will not suggest that Plaintiff violated any rule is clear, unambiguous, and was entered into deliberately." [Doc. 177, p. 4]. Plaintiff counters Defendant's contention that the agreement was made in the context of negligence per se, stating that "[a]t no point before attempting to backtrack on the scope of its stipulation has Norfolk Southern suggested that a violation of Rule 1035 is 'contributory negligence per se,'" *Id.* at 5, and notes that the stipulation "contains no qualifications or limitations." *Id.* at 4. Additionally, Plaintiff asserts that under Sixth Circuit precedent, "stipulations voluntarily entered by the parties are binding." *Id.* at 3 (quoting *Fed. Deposit Ins. Corp. v. St. Paul Fire & Marine Ins. Co.*, 942 F.2d 1032, 1038 (6th Cir. 1991)). Plaintiff also asserts that "enforcing the plain language of the stipulation does not preclude Norfolk Southern from arguing that Plaintiff was contributorily negligent." *Id.* at 7. Finally, Plaintiff contends that enforcing the agreement as written is not fundamentally unfair and not to enforce it would ignore both Sixth Circuit precedent and the prejudice Plaintiff would incur if the agreement were rescinded on the eve of trial. *Id.*

In its Reply, Defendant argues that Plaintiff conflates the suggestion that Plaintiff violated a safety rule with Defendant's attempt to introduce a safety rule for another relevant purpose, namely, to show that Defendant provided safety warnings to employees about footing conditions. [Doc. 179, pp. 1–2]. Defendant argues that Plaintiff may present evidence that Defendant did not charge him with a rule violation if the Court permits introduction of Rule 1035. *Id.* at 2. Defendant

also argues that the Court can enforce the stipulation according to its text while admitting Rule 1035 for this limited purpose. *Id.* at 3. Further, Defendant argues that, while stipulations generally bind parties, courts retain discretion to grant relief where enforcement will lead to injustice. *Id.* at 4. Defendant asserts injustice will result here because a "railroad's own safety rule can constitute competent evidence of the precaution that reasonable care requires" and exclusion of a railroad's operating rules has been held to be erroneous. *Id.* Finally, Defendant asserts that Plaintiff is not unfairly surprised because the Court previously ruled that the Safety Rules were admissible before Plaintiff raised the issue at the Final Pretrial Conference. *Id.* at 6.

While Defendant asserts that enforcing the parties' agreement "risks reversible error," the Sixth Circuit has held that "a court's failure to adhere to… a stipulation [of the parties] is an error of law." *Bazner v. Owens-Corning Fiberglas Corp.*, 172 F.3d 47 (6th Cir. 1999) (citing *Fed. Deposit Ins. Corp. v. St. Paul Fire and Marine Ins. Co.,* 942 F.2d 1032, 1038 (6th Cir.1991)). The Court does have some authority to reject a stipulation, but the Court already accepted the stipulation in ruling on Defendant's motions in limine, and Plaintiff was entitled to reasonably rely on the Court's acceptance of the stipulation. [Doc. 143, p. 3–4]. To reject the stipulation now, on the eve of trial, would directly contradict binding precedent, likely resulting in reservable error. Additionally, while broad, the parties' stipulation that Defendant would not suggest that Plaintiff violated any workplace rule does not lack clarity. Moreover, if Defendant believed the stipulation did not reflect the parties' full agreement, Defendant had several months to bring any such error to the Court's attention but failed to make any mention of qualifying terms until the final pretrial conference.

Plaintiff has reasonably relied upon this agreement as recorded by the parties in preparing for trial, and the Court finds Plaintiff would be prejudiced if that agreement were invalidated now. Moreover, although Defendant may not introduce testimony regarding any specific safety rules it has adopted, the stipulation of the parties does not preclude Defendant from providing general testimony as to their approach to safety. For instance, Defendant may provide testimony about general safety rules being in place and the steps that they take to train their employees regarding those rules, including safety briefings and the like; thus, Defendant is not precluded from demonstrating to the jury that safety was a priority for the company because they had safety rules and practices in place at the time of Plaintiff's injury.

After considering the arguments of the parties and the applicable law, the Court finds that Rule 1035 is properly excluded based upon the stipulation of the parties. As such, Defendant's requests to permit both Rule 1035 and evidence that Defendant failed to charge Plaintiff with any workplace rule violation are **DENIED**. Consequently, Defendant's request for a special jury instruction on the proper consideration of Rule 1035 is also **DENIED**. The Court cannot now set aside the longstanding stipulation of the parties which was previously approved by the Court because Defendant has determined in preparing for trial that the agreement may be more favorable to Plaintiff. Moreover, the Court finds that Defendant's acknowledgment that it would be necessary for the Court to admit evidence to show Plaintiff was not charged with a safety violation if it allowed Defendant to provide proof as to Rule 1035 underscores the fact that the parties' stipulation called for the exclusion of Rule 1035 for all purposes. At the same time, if Defendant believes any testimony offered by Plaintiff of his witnesses opens the door to the admission of more specific safety rule evidence, Defendant may renew its request before cross examination and outside the presence of the jury. With that said, Defendant should not take this statement as an

invitation to simply reargue what the Court has put to rest herein. Based upon the foregoing, Defendant's Motion to Reconsider [Doc. 175] is **DENIED** as specifically set forth herein.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge